Argued and submitted December 19, 1980, reversed February 17, 1981

In the Matter of the Compensation of
David F. Wooten, Claimant.
WOOTEN,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Respondent.*

(No. 79-4257, CA 18533)

623 P2d 1086

Robert R. Dickey, Jr., Medford, argued the cause for petitioner. With him on the brief was Robert R. Dickey, Medford.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevin, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from an order of the Workers' Compensation Board reversing the referee's decision in favor of claimant, which allowed his claim for an on-the-job back injury. The issue presented is whether he carried his burden of establishing that his present condition was caused by an on-the-job lifting incident.

Claimant was employed as a cook in a Jacksonville restaurant. Included among the routine duties he performed during his shift on the day in question was the preparation of potatoes for the following day. This consisted of removing potatoes from a 100 pound sack, placing them in a 15 gallon pot filled with water and lifting the pot, which weighed approximately 40 pounds, to the top of the stove. He testified that this took place at approximately 5 p.m., and that the "prep-cooking" of the potatoes was followed by "rush time" cooking duties, and the eventual placing of the cooked potatoes in the "walk-in."

Claimant took a break from the above activities at approximately 7:30 p.m. At the conclusion of his break, while attempting to rise from his chair, he felt a stabbing pain in his back. He said he was immobilized by the pain, and with the help of a fellow employe he was taken to the hospital.

Claimant was treated by Dr. Gilsdorf, a Medford orthopedic physician and surgeon. He gave the above facts when Dr. Gilsdorf took his history, and based upon this history as well as his diagnosis and treatment of the patient, Dr. Gilsdorf found that his work activities caused his condition.

According to the medical history claimant gave to Dr. Gilsdorf, he had no past history of similar type of pain, but had experienced mild "catches" and a sense of muscular discomfort in his back, but they were never disabling and never required modifying his activities. Dr. Gilsdorf concluded that claimant had a pre-existing spondylolisthesis and mechanical derangement of the lumbosacral spine, and that his work activities had aggravated this condition. Further, Dr. Gilsdorf gave the opinion that claimant's spondylolisthesis and lumbosacral instability preceded the

acute onset of symptoms which followed the lifting incident, and thus his work activity materially worsened his underlying condition.

In overturning the referee's decision, the Board held that claimant had failed to prove that the onset of the symptoms arose out of his employment; that the time interval of approximately 2 1/2 hours between the lifting incident and the onset of the pain shows that the lifting did not cause the back problem.

Dr. Much, a medical consultant employed by the Board to evaluate the medical record, concluded that claimant's condition was not work-related. He did not, however, examine him personally.

The referee found that claimant was a credible witness. His testimony concerning the incident closely approximated the historical events related to the doctors when he was examined and treated. Based upon our *de novo* review we conclude that the preponderance of the medical evidence establishes that the lifting superimposed upon his existing weak back did result in claimant's present back condition.

Reversed.